## PALMER VS CORWITH.

1. TAXATION — NONRESIDENT OWNER. — Under sec. 11, ch. 15, R. S. 1849, all kinds of property used for the purpose of manufacturing or other business in this state are subject to taxation in the town or ward where found and used, although the owner is not a resident of the state. Such property, thus situated and used, may be assessed and taxed to the person having it in possession, and may be levied on and sold to enforce collection of the tax in the same manner as though taxed to the owner.

2. SAME.— Real estate is to be valued as of the first day of June in each year, and mineral raised from the land before that day becomes and may be taxed as personal property.

(3 Chand., 297.)

ERROR to the Circuit Court for *Iowa* County.

This was an action of replevin brought by *Henry Corwith* against one *Palmer*, to recover two horses and harness and two wagons, alleged to have been by *Palmer* unjustly taken and detained from the plaintiff. The defendant pleaded *non cepit*, property in one Chester Olds, and also property in N. Corwith & Co., and gave notice that he would prove that the said property was taken by the defendant as treasurer of the town of Highland, by virtue of a tax list and warrant directed to him and issued by the town clerk, to satisfy the state, county and town taxes for the year 1849, assessed against Chester Olds.

The assessment roll, tax list and warrant were produced in evidence, and admitted to be genuine and in accordance with law; showing a tax upon an assessment of Chester Olds for real estate $1,250; personal property $8,000; in all $9,250; the amount of the tax being $188.85.

At the time when the assessment was made and for some years previous, the property upon which the assessment was made and the tax was levied had been in the possession of Olds, as agent of *Henry Corwith* or of N. Corwith & Co., and the evidence tended to show that it was the property of *Henry Corwith*.

The firm of N. Corwith & Co. consisted of Nathan Corwith, *Henry Corwith* and one Rogers, neither of whom resided in the state.

It appeared that the assessment was upon property used in and about the business of smelting lead ore at the furnace, and that the property seized and replevied was a part of the property so assessed.

The circuit judge charged the jury that if *Henry Corwith* was the owner of the property, the defendant as such treasurer

could not levy upon it to satisfy taxes that were assessed to Chester Olds, and that such levy would be no protection to him, and refused to charge the jury that if the property was levied on for nonpayment of taxes upon the same premises, and that it comprised a part of the personal property assessed to Chester Olds, then the defendant had a right to levy upon the same for the nonpayment of the taxes, and that such levy under his warrant was a full and complete justification and defense.

The plaintiff had a verdict and judgment, and the defendant brought error.

*Parley Eaton*, for plaintiff in error.

*Chas. & F. J. Dunn*, for defendant in error.

WHITON, J. This was an action of replevin in the *cepit*, brought by the defendant in error against the plaintiff in error, for two horses, a double harness and two wagons, in the circuit court for Iowa county. The defendant below pleaded the general issue, also property in Chester Olds, and also in N. Corwith & Co.; each of the special pleas setting up property in third persons, contained a traverse of the plaintiff's property. The defendant also filed a notice that he would prove on the trial that the property taken by the defendant was taken by levy and distress, by virtue of a tax list and warrant issued by the clerk of the town of Highland, in the county of Iowa, and directed to the defendant, as treasurer of the said town, for collection, being the state, county and town taxes for the year 1849; that on the list of taxes so delivered to the defendant for collection, was a large amount of taxes against one Chester Olds, in whose possession the said goods and chattels, or a part of them, were at the time of the assessment; that if said Olds was not the owner of said goods and chattels, he was acting as the agent of the plaintiff, and that the property so assessed was the plaintiff's, but assessed to Olds, the agent, etc. By the bill of exceptions it appears, that at the trial in the circuit

court, after the plaintiff had proved the taking of the property by the defendant, the defendant introduced the assessment roll, tax list and warrant, which the plaintiff admitted to be genuine, and also that the warrant was in accordance with the statute. The tax list showed that a large amount of real and personal property was assessed to Chester Olds, and that the gross amount of state, county and town taxes upon the property for the year 1849, was $188.85. Olds, who was a witness for the plaintiff, to prove the taking of the property by the defendant, testified on his cross-examination, that Nathan Corwith and *Henry Corwith*, of Galena, and one Rogers, of New York, were partners, doing a general mercantile business, making advances on lead, and giving bills of exchange, etc. ; that the name of the firm was N. Corwith & Co., but he thought the furnace, and the property there, were the individual property of *Henry Corwith.* The witness further testified that the property was in his possession, as the agent of *Henry Corwith*, as he supposed, at the time the assessment was made; that the assessment of the personal property was made upon the valuation of the mineral and lead about the furnace on that day (1st of June, 1849), as well as all the personal property used· in the smelting business, including the teams, wagons, etc., and that the same identical property replevied was a portion of the property so assessed. The witness further testified that the defendant had asked him for the taxes two or three times; that at last, he would wait no longer, and went to the barn and took the property for the taxes; that the plaintiff came in a few days, and paid the taxes on the land, and offered to pay the taxes on the property which the defendant had taken, which is the same property replevied. The witness testified to some other facts, but they are not material.

The cause was then submitted to the jury, who were instructed by the court, that if they found from the evidence that *Henry Corwith* was the owner of the property, the defendant, as treasurer of the town of Highland, could not levy upon

it, to satisfy taxes that were assessed to Chester Olds; to which the counsel for the defendant excepted. The counsel for the defendant then requested the judge to charge the jury that, if they should find from the testimony that the property which was levied upon by distress for the nonpayment of taxes, was upon the same premises, and that it was a part or portion of the personal property so assessed to Chester Olds, the defendant had a right to levy upon it for the nonpayment of the taxes. This instruction was refused by the judge, to which the defendant excepted. The jury gave a verdict for the plaintiff, upon which the court rendered a judgment.

We are satisfied that the circuit judge erred in the instructions he gave to the jury, and also in withholding those asked for by the defendant's counsel. Sec. 11 of ch. 15 of the revised statutes, provides that "all goods, wares and merchandise kept for sale in this state, all stock employed in any of the mechanic arts, and all capital and machinery in any branch of manufacture or other business within this state, owned by a corporation out of this state, or by any person or persons, whether residing in or out of the state, shall be taxable in the town or ward where the same may be, either to the owner thereof, or to the person who shall have charge of or possession of the same."

The testimony of the witness Olds tended to show that the property which was assessed to him and levied upon, was employed in the smelting business. If this was so, it clearly falls within the description of property which may be taxed to the person who has the possession of it, though he is not the owner.

By the terms employed in the section of the statute above quoted, it was evidently intended by the legislature to subject to taxation, in the town or ward where they might be found, all kinds of property used for the purpose of carrying on manufacturing or other business; and if the owner is not in possession of the property, to permit it to be taxed to the per-

son who shall have the possession, and to allow it to be levied upon and sold to enforce the collection of the tax in the same manner as though taxed to the owner.

In this case, the witness Olds was in possession, and the jury should have been instructed, that if the property was used in the prosecution of the plaintiff's business, or that of N. Corwith & Co., it was properly taxable to Olds, and might be levied upon and sold in the same manner as if it had been taxed to the real owner. It was insisted, on the part of the defendant in error, that the testimony showed that the property, or a portion of it, was doubly taxed, once as land and once as mineral or lead, which had been taken from the land and converted into personal property. We do not think that the testimony establishes this fact. The testimony of Olds tended to show that the assessment of personal property was made upon a valuation of the property as it was on the first day of June, 1849. The statute provides that both real and personal property shall be assessed upon a valuation made as of that day (R. S., ch. 15, sec. 16), and if, at that time, minerals have been removed from the land and converted into personal property, they may be taxed as such. R. S., ch. 15, sec. 3.

The view we have taken of the matters submitted, renders it unnecessary to notice the other points made by the plaintiff in error.

Judgment reversed.